# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20583

UNITED STATES OF AMERICA,

  Plaintiff - Appellee

v.

ADELIO DE JESUS BATRES, also known as Muneco,

  Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-497-4

Before WIENER, SOUTHWICK, and HO, Circuit Judges.

PER CURIAM:*

 Defendant-Appellant Adelio de Jesus Batres pleaded guilty to conspiracy to commit sex trafficking of minors, in violation of 18 U.S.C. §1594(c). In so doing, he expressly waived the right to appeal his sentence and order of restitution, with only a few narrow exceptions. The district court sentenced him to more than 27 years of incarceration and ordered him to pay approximately ninety thousand dollars in restitution to the victims of the

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20583

conspiracy, *viz.*, young women and girls who were exploited by the coconspirators, often against their will.

Notwithstanding his waiver, Batres has attempted to raise numerous issues on appeal.  He contends, *inter alia*, that (1) his plea was invalid, (2) the Government and the district court breached the plea agreement, (3) the district court's factual findings at sentencing were erroneous, (4) his sentencing counsel was ineffective, and (5) a portion of the restitution award was improper.  Batres's first three challenges fall outside the confines of his appeal waiver, but ultimately do not free him from it.  His challenges to his sentence and order of restitution are subject to his appeal waiver.  His claim of ineffective assistance of counsel is unripe.  We therefore AFFIRM in part and DISMISS in part.

<u>ANALYSIS</u>

1.

Batres claims that the district court plainly erred when it determined there was sufficient evidence to support his plea.  His claim of error is based on the fact that he only admitted to facts that would establish one of the two alternative charges for violating his statute of conviction.  His contention fails because a factual basis need establish only one of two or more alternatives.  An indictment may conjunctively charge multiple means of violating a statute.  When that occurs, the Government need prove only one of two or more charged means to sustain a conviction.  Thus, in his guilty plea, Batres was only required to admit facts necessary to sustain one of such alternatives, here sex trafficking of a minor.  This claim of error fails.

2.

Batres also asserts that the district court plainly erred when it determined that the Government did not breach its promise not to oppose a reduction for acceptance of responsibility.  We disagree.  The Government only

promised not to oppose a reduction for acceptance of responsibility if Batres first accepted responsibility, as contemplated by the Sentencing Guidelines. The parties essentially formed a unilateral contract in this regard under which the Government's obligation to perform would only arise if Batres first performed his obligation. But he repeatedly denied his guilt and tried to minimize his culpability. Batres never offered any information to the Probation Office to demonstrate acceptance of responsibility. As he failed to live up to his end of the bargain, the Government's obligation to perform never arose. Additionally, the Government only proffered facts that would demonstrate that Batres had not accepted responsibility; it never recommended that his sentence not be reduced. The Government did not violate its obligation under the plea agreement.

3.

Batres next insists that the district court plainly erred when it denied a reduction for acceptance of responsibility. He bases this claim on the Government's promise not to oppose such a reduction. This contention also fails. Although the subject portion of the plea agreement binds both Batres and the Government, it does not bind the district court. The portion of the plea agreement in question is governed by FRCP 11(c)(1)(B), which provides that a Government sentencing "recommendation or request does not bind the court." Batres appears to be arguing that, because subsection (A) of Rule 11(c)(1) governs a portion of his plea agreement, the district court was not free to reject other portions. He fails to acknowledge, however, that different portions of Rule 11(c)(1) may govern different parts to the plea agreement: The district court is free to reject portions governed by subsection (B) even if it would be required to reject the plea agreement in full if it were to reject a portion governed by subsections (A) or (C). The court did not plainly err in this respect.

No. 16-20583

4.

Batres also contends that the district court plainly erred in a number of its factual findings at sentencing. Even if we assume, arguendo, that his appeal waiver does not apply to this contention, the district court's factual findings are not subject to plain error. Batres's plea agreement's appeal waiver bars all such claims of error. And even if this were not so, our precedent forbids any appellate review of factual findings at sentencing when the defendant has failed to object to them in the sentencing court, as Batres failed to here.

5.

Batres claims, for the first time on appeal, that his counsel was ineffective for failing to raise the sentencing issues that he raises here. But his claim of ineffective assistance of counsel is not ripe. We do not review such claims on direct appeal when they have not been raised in the district court. Batres never did so, and his briefing of this issue on appeal is inadequate. He addresses this issue in two pages without any explanation of how counsel's performance fell below the standards set by prevailing professional norms or how counsel's failure to object was prejudicial. Not only is his claim unripe, but he appears to have forfeited it through inadequate briefing.

6.

Finally, Batres contends that his waiver of appeal does not bar his challenge to the court's restitution order. Specifically, he claims that the district court plainly erred when it ordered restitution to a victim who was not identified in the Pretrial Investigation Report (PSR). Although we are satisfied that his appeal waiver does apply to this restitution claim, we are equally satisfied that the district court did not plainly err in the contested restitution order. Batres's appeal waiver clearly bars any challenge to the sentencing court's restitution order; but even if we were to assume that it does not, Batres

4

No. 16-20583

has failed to establish plain error because there is no requirement that a victim of the charged offense be identified in the PSR.

## CONCLUSION

After reviewing the parties' briefs and exhibits, considering the record on appeal, and hearing the oral arguments of opposing counsel, we AFFIRM some of the rulings of the district court and DISMISS the rest for the reasons set forth above.